**The below described is SIGNED.**

Dated: May 05, 2010



**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



___

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>West Daniels Land Association, Inc.,<br><br>　　　　　Debtor. | Bankruptcy Number: 09-32502<br><br>Chapter 11<br><br>Judge R. Kimball Mosier |
| West Daniels Land Association, a Utah Corporation,<br><br>　　　　　Plaintiff.<br>v.<br><br>Town of Daniel, a Municipal Corporation; Marilou Hall, Town of Daniel Recorder, Wasatch County; Wasatch County, et al.,<br><br>　　　　　Defendants. | Adversary Proceeding No. 10-02133 |

**MEMORANDUM DECISION ON DEFENDANT TOWN OF DANIEL'S MOTION FOR REMAND OF STATE COURT PROCEEDING**

　　　　The matter before the Court is the Motion for Remand of State Court Proceeding (Motion

for Remand) filed by defendants Town of Daniel, a Utah Municipal Corporation (Town) and

Marilou Hall.  For the reasons set forth herein, the Court concludes that abstention is mandatory and the Motion for Remand will be granted.

## **Factual and Procedural Background**

This case is a civil action (Removed Action) which was removed to this Court from the Fourth District Court for the State of Utah pursuant to 28 U.S.C. § 1452.  The Removed Action is a dispute regarding the validity of the Debtor's Incorporation Petition for the Town of Aspen (Incorporation Petition) and the Town's Petition for Annexation to the Municipality of the Town of Daniel.  The Debtor's Incorporation Petition for the Town of Aspen was filed by the Debtor on November 8, 2007 and sought to include in the Town of Aspen all of the property owned by the Debtor.  The Town's Petition for Annexation, known as the Storm Haven Annexation Petition, was also filed on November 8, 2007. The Storm Haven Annexation Petition sought to annex all of the land owned by the Debtor and certain other adjacent land into the Town of Daniel.

Wasatch County rejected the Debtor's Incorporation Petition.  In response to Wasatch County's rejection of the Debtor's Incorporation Petition, the Debtor filed two petitions for extraordinary relief to the Utah Supreme Court, both of which have been denied.  The Debtor then filed the Removed Action in the Fourth District Court.  The Removed Action concerns the validity of Wasatch County's denial of the Debtor's Incorporation Petition and the competing claims of the Debtor and the Town as to whether the Storm Haven Annexation Petition was valid when filed or whether the Debtor's Incorporation Petition was valid when filed.  The parties to

2

the state court litigation have filed cross motions for summary judgment. The State Court has entered an order granting the Town partial summary judgment.

On February 8, 2010, the Debtor removed the litigation from the Fourth District Court of Utah to this Court. On March 10, 2010, the Town filed its Motion for Remand of State Court Proceeding. The relief sought by the Town is an order of this Court abstaining from hearing the Removed Action and remanding the Removed Action back to the State Court. In the main bankruptcy case, the Town has also filed a separate motion for relief from the automatic stay to allow the litigation of the Removed Action to proceed in the State Court once the Removed Action has been remanded.

## Discussion

### Debtor's Motion for a Continuance

Prior to the hearing on the Town's Motion for Remand, the Debtor filed a motion to continue the hearing (Motion to Continue). The stated reason for the continuance was to offer testimony of a witness, Gregory Skordas, who would not be available to testify at the scheduled hearing. Mr. Skordas was present at the hearing but had filed a motion to quash the subpoena requiring his attendance. The Court requested an offer of proof from the Debtor regarding Mr. Skordas' testimony. The Debtor's offer of proof was consistent with paragraph 8 of the Debtor's Motion to Continue.

Paragraph 8 of Debtor's Motion to Continue describes the substance of the testimony that Debtor intends to offer through Mr. Skordas. Mr. Skordas would testify: That Dean K. Sellers, a principal of the Debtor, was a defendant in a criminal matter filed in Wasatch Justice Court in

3

and for Wasatch County, State of Utah; That Mr. Skordas had filed a motion to suppress evidence alleging that Wasatch County conducted a search using an illegal search warrant; That based upon information and belief, the prosecution of Dean Sellers and the prosecution of Debtor's employee Ed Houston by Wasatch County are both politically motivated. Mr. Skordas would also testify regarding the nature of the prosecution by the Wasatch County District Attorney that speaks to the interface and overlap of issues that are common to the Removed Action and another adversary proceeding pending before this Court.

The Town objected to Mr. Skordas' testimony arguing that the evidence was not relevant to the Motion to Remand and was inadmissible. Based on the offer of proof, the Court determined that Mr. Skordas' testimony was not relevant to the Motion to Remand as discussed more fully below and did not receive testimony from Mr. Skordas.

When considering a motion for continuance, the court should examine: (1) the diligence of the party requesting the continuance; (2) the likelihood that granting the continuance would accomplish the stated purpose for the continuance; (3) the inconvenience to the opposing party, the witnesses, and the court; and (4) the need asserted for the continuance and the harm that may result if the continuance is not granted. Where the continuance is sought in order to obtain the testimony of a witness, the movant must also show who the witness would be, what the witness's testimony would be, and that the testimony would be competent and relevant. *United States v. Dowlin*, 408 F.3d 647, 663 (10th Cir. 2005). Mr. Skordas' testimony that Debtor sought to offer in opposition to the Motion for Remand is not relevant to the Court's analysis of mandatory abstention under 28 U.S.C. § 1334(c)(2). The Motion to Continue was opposed by the Town and

4

would be an inconvenience to the Court and to the parties involved. The Court denied the Debtor's Motion to Continue.

### The Motion to Remand

The Town argues that removal of this case from State Court was improper under 28 U.S.C. § 1452(a), that this Court lacks jurisdiction to adjudicate the Removed Action, and that this Court must abstain from hearing the Removed Action under 28 U.S.C. § 1334(c)(2). The Town argues that because the action is based on state law claims filed in a state court that no jurisdiction exists to adjudicate the Removed Action.

Since federal courts are courts of limited jurisdiction, this Court must presume that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. If jurisdiction is challenged, as the Town has done here, the burden is on the party claiming jurisdiction to establish jurisdiction by a preponderance of the evidence. Mere conclusory allegations of jurisdiction are not enough. The proponent bears the burden of alleging the facts essential to show jurisdiction and supporting those facts with competent proof. *United States v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

At the hearing, the Debtor informed the Court that it was prepared to present evidence in support of its objection to the Motion to Remand. The Court requested an offer of proof by the Debtor in order to determine the relevancy of the evidence the Debtor sought to present. The evidence the Debtor sought to introduce, even assuming that the allegations are true, offers this Court no basis to establish jurisdiction. After hearing the offer of proof, the Court declined to

hear any additional evidence and considered this matter on the undisputed facts, the pleadings on file, and the arguments of counsel.

The evidence that was offered by the Debtor may be relevant to an inquiry under 28 U.S.C. § 1334(c)(1) which provides for discretionary abstention when it is in the interest of justice, judicial economy, or respect for state law. Comity is also a basis for abstention under § 1334(c)(1). *In re Telluride Income Growth LP*, 364 B.R. 390 (10th Cir. BAP 2007). The evidence offered by the Debtor may also be relevant to the Court's consideration of a motion for remand under 28 U.S.C. § 1452(b). When abstention is mandated by § 1334(c)(2), the Court does not need to consider evidence going to issues of justice, comity, or respect for state law.

The issue before the Court is controlled by 28 U.S.C. § 1334(c)(2). Section 1334(c)(2) provides:

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such a proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Section 1334(c)(2) mandates abstention if: (1) a timely motion of a party is filed; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under title 11 but does not arise under title 11 or arise in a case under title 11; (4) the proceeding could not have been commenced in a court of the United States absent jurisdiction; under § 1334; (5) the proceeding was commenced in a state forum of appropriate jurisdiction and (6) the state court action is capable of timely adjudication in state court. *In re Midgard Corp.*, 204 B.R. 764, 779-80 (10th Cir. BAP 1997).

The Debtor does not dispute that the Town's Motion for Remand and abstention was timely filed.  The Debtor does not dispute that the Removed Action is based on a State Law Claim.[1]  The Debtor does not dispute that the Removed Action is not a proceeding arising under title 11 or arising in a case under title 11.  The Debtor does not dispute that the Removed Action could not have been commenced in a court of the United States absent jurisdiction under § 1334.  The Debtor does not dispute that the Removed Action was commenced in a state forum of appropriate jurisdiction.  The only factual contention the Debtor has raised is that the action cannot be timely adjudicated in the State Court.

The action was commenced more than two years ago and significant actions have occurred in the State Court as reflected by the docket in the state court action.  The Debtor acknowledges that "[b]oth sides are almost ready to try the remaining issues in the Removal Action by the filing of Motions for Summary Judgment."  The only argument Debtor advances on this issue is that the action can be adjudicated more quickly in this Court than the state court because the Debtor will need to change venue in state court and that will delay adjudication.

The relevant inquiry under § 1334(c)(2) is not whether the action can be tried more quickly in bankruptcy court.  The relevant inquiry is whether "an action has been commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."  If the test were whether the bankruptcy court or the state court can try a matter more quickly, the Court would have to engage in speculation regarding the state court's calendar and docket and unforeseen events as opposed to this Court's calendar and docket and unforeseen events.  The Debtor argues that the Removed Action cannot be timely adjudicated in state court because the Debtor will be

---

[1]Incorporation of municipalities is a clear example of a state law claim or a state law cause of action.

7

required to seek a change of venue. The Debtor cannot avoid the Congressional mandate that this Court abstain by arguing that the Removed Action cannot be timely adjudicated in state court because the Debtor elects a litigation tactic that will prevent timely adjudication.

The Debtor also argues that the outcome of the Removed Action will affect the liquidation of the Debtor's real property and therefore it is a core proceeding under 28 U.S.C. § 157(b)(2)(O). The Removed Action may be an action related to the Debtor's bankruptcy case but it is not a core proceeding. Section 157(b)(1) provides that bankruptcy judges "may hear and determine all cases under title 11 and all **core proceedings arising under title 11, or arising in a case under title 11**, . . . and may enter appropriate orders and judgments." The language of § 157(b)(1) does not include proceedings that are related to a case under title 11. " The phraseology of section 157 leads to the conclusion that there is no such thing as a core matter that is 'related to' a case under title 11. Core proceedings are, at most, those that arise in title 11 cases or arise under title 11." 1 *Collier on Bankruptcy*, ¶ 3.02[2] (16th ed. 2009).

Section 1334 is the Congressional grant of bankruptcy jurisdiction to the federal district courts. A district court may hear and determine all matters within the jurisdictional grant of § 1334 and may enter appropriate judgments and orders. The inquiry under § 1334(c)(2) is whether a proceeding is related to a case under title 11 but does not arise under title 11 or arise in a case under title 11. If a proceeding is related to a case under title 11 but does not arise under title 11 or arise in a case under title 11 and if the other factors set forth in § 1334(c)(2) are present, the district court, and the bankruptcy court as a unit of the district court, must abstain.

Section 1334(c)(2) squarely addresses the Removed Action. It is apparent that Congress did not intend to give federal courts the discretion to hear cases originating in state court if the

only basis for federal jurisdiction is the "related to" jurisdiction in bankruptcy. The purpose of bankruptcy jurisdiction is not to provide a means for unhappy state court litigants to remove a state court cause of action to bankruptcy court when there is no other basis for federal jurisdiction and the parties have adequate legal remedies available in state court. In the present case the Debtor has argued it has not received fair treatment in state court, and believes it will not receive fair treatment in state court and therefore this Court should assume jurisdiction over the matter. This is not a basis for this Court to exercise jurisdiction over the Removed Action.

The Town has timely filed a motion for this Court to abstain from hearing the Removed Action. Based on its review of the pleadings contained in the Removed Action and the undisputed facts, the Court finds that the Removed Action is a proceeding based upon a State law claim or State law cause of action. The Removed Action is related to a case under title 11 but does not arise under title 11 or arise in a case under title 11. The Removed Action could not have been commenced in a court of the United States absent jurisdiction under § 1334. The Removed Action has been commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

The Court therefore concludes that each of the elements as discussed in the *Midgard* case have been met and abstention is mandatory under § 1334(c)(2). Having determined that the Court must abstain, the Court will remand this case to state court.

---------------------------------------------END OF DOCUMENT-------------------------------------------

\_\_\_\_\_ooo0ooo\_\_\_\_\_

## SERVICE LIST

Service of the foregoing Memorandum Decision on Defendant Town on Daniel's Motion for Remand of State Court Proceeding will be effected through the Bankruptcy Noticing Center to the following parties.

J. Grant Moody
Duval & Moody, PC
947 South 500 East
Suite 200
American Fork, UT 84003

Michael W. Baldwin
Michael W. Baldwin, PLC
P.O. Box 35487
Tucson, AZ 85740-5487

Dale F. Gardiner
Scott M. Lilja
Vancott Bagley Cornwall & McCarthy
50 South Main Street, Suite 1600
P.O. Box 45340
Salt Lake City, UT 84145

Scott H. Sweat
Kevin S. Thurman
McKay G. King
Wasatch County Attorney
805 West 100 South
Heber City, UT 84032

Rebecca H. Skordas
Skordas, Caston & Hyde, LLC
341 South Main Street, Suite 303
Salt Lake City, UT 84111

ORDER SIGNED